UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. IFEOMA EZEKWO,

        Plaintiff,

-against-

OPMC (OFFICE OF PROFESSIONAL MISCONDUCT) NEW YORK; NEW YORK STATE DEPT. OF HEALTH; JOHN OR (JANE) DOES 1-10,

        Defendants.

22-CV-7684 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated her rights. She sues the New York State Department of Health ("DOH") and DOH's Office of Professional Medical Conduct ("OPMC").[1] The Court dismisses the complaint as frivolous.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks

---

[1] Plaintiff refers to this office as the "Office of Professional Misconduct."

omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff brings this action against two state agencies, DOH and OPMC, both of which she previously sued in *Ezekwo v. OPMC*, ECF 1:21-CV-1274, 7 (S.D.N.Y. July 23, 2021) ("*Ezekwo I*"). In *Ezekwo I*, the Court dismissed Plaintiff's claims brought against DOH and OPMC under the Eleventh Amendment. Plaintiff now reasserts her claims against these two agencies, notwithstanding the Court's order of dismissal in *Ezewko I*, which expressly noted that "state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Ezekwo I*, ECF 1:21-CV-1274, 7 (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)), and in which the Court determined that "[t]he immunity recognized by the Eleventh Amendment extends beyond the states" to agencies like DOH and OPMC. *See id.* (quoting *Gollump*, 568 F.3d at 366). Because New York has not waived its Eleventh Amendment

immunity to suit in federal court, the Court reasoned, Congress did not abrogate the states' immunity in enacting Section 1983. *Id.* (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court, accordingly, dismissed Plaintiff's Section 1983 claims brought against OPMC and DOH as barred under the Eleventh Amendment.

Plaintiff's attempt to bring claims against these same agencies, despite the dismissal of her claims in *Ezekwo I*, is frivolous. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, there is no legal theory on which Plaintiff can rely to assert claims against these two Defendants, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. As the Court already addressed these claims in *Ezekwo I*, placing Plaintiff on notice that the Eleventh Amendment bars the claims, her attempt to relitigate them is frivolous. Thus, the Court dismisses this action as frivolous.

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See Fitzgerald*, 221 F.3d at 363-64

### PLAINTIFF'S LITIGATION HISTORY AND WARNING

As noted in the Court's January 13, 2023, order, in *Ezekwo v. St. Phillip Neri Catholic Church*, ECF 1:22-CV-8332, 3 (S.D.N.Y. Jan. 13, 2023), Plaintiff has filed numerous civil actions in this court. *See Ezekwo v. OPMC*, ECF 1:21-CV-5426, 2 (S.D.N.Y. July 22, 2021) (dismissing as duplicative); *Ezekwo v. St. Phillip Neri, Catholic Church*, ECF 1:21-CV-2175, 2 (S.D.N.Y. Mar. 19, 2021) (dismissing as duplicative); *Ezekwo v. Am. Bd. of Int. Med.*, ECF 1:95-

CV-10625, 44 (S.D.N.Y. June 30, 1998) (granting defendants' motion for summary judgment), *appeal denied*, No. 98-9047 (2d Cir. Apr. 20, 1999).

In light of this history of filing repetitive and duplicative actions in this court, the Court warned Plaintiff that further duplicative or frivolous litigation in this court may result in an order barring her from filing any new actions in this court without first seeking permission of the court. *See* 28 U.S.C. § 1651. That warning remains in effect.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous.

Plaintiff is warned that further duplicative or frivolous litigation in this court may result in an order barring her from filing any new actions in this court without first seeking permission of the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 13, 2023
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge